UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:

JOSE LOPEZ ESTRADA,

    Plaintiff,

vs.

INNOVAR STRUCTURES, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

Comes now, JOSE LOPEZ ESTRADA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant INNOVAR STRUCTURES, LLC, a Florida Limited Liability Company (hereinafter, "Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., and Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct

1

business in the Middle District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff was at all times relevant to this action, resided within the Middle District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7. Defendant is a Florida Limited Liability Company registered to do business in Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, the ADA, ADAA, and FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about March 19, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was issued a Notice of Right to Sue on April 20, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a laborer from on or about September 2020, until on or about December 14, 2020.

14. On or about November 23, 2020, Plaintiff suffered a work related injury. Specifically, Plaintiff was loading a heavy piece of metal onto a cart with a coworker, Pablo (LNU) (hereinafter "Pablo"), and the metal caused a 3cm laceration to Plaintiff's right wrist. Plaintiff reported the accident to the Defendant and Defendant sent him to the hospital this same day where he was treated. Plaintiff was ordered not to work until the removal of the sutures.

15. On or about December 2, 2020, Plaintiff notified his supervisor, Mario (LNU) (hereinafter "Mario"), of the removal of the sutures and advised he would be able to return to work on December 7, 2020, with some limitations. Plaintiff's physical limitations during this time were, but not limited to, restricted ability to lift heavy weight and push and pull with his injured dominant right hand.

16. On or about December 7, 2020, Plaintiff returned to work. Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

17. Thereafter, Plaintiff was told by Mario that there was not enough work for him and sent home.

18. On or about December 13, 2020, Plaintiff was terminated. The reason provided by Defendant, that there was not enough work for Plaintiff, is false.

19. Plaintiff, throughout his tenure with Defendant, had a satisfactory work record. He was not disciplined during the course of his employment and was at all times qualified for his position in that he performed his duties to the satisfaction of his supervisor prior to Plaintiff's termination.

20. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

21. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**DISABILITY DISCRIMINATION**
**UNDER THE ADA AND ADAAA**

22. Plaintiff incorporates herein the allegations in paragraphs 1-21, inclusive, as though same were fully re-written, and says:

23. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

24. Plaintiff was disabled as he suffered a severe laceration in his hand that left him with stitches and limited his ability to push, pull, and lift for approximately three to four months.

25. Plaintiff was at all times qualified to perform the essential functions of his job as a maintenance worker with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified

individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

26. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

27. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, if any, is pretextual and asserted only to cover up the discriminatory nature of its conduct.

28. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability was also motivating factor(s) for Defendant's adverse treatment of Plaintiff.

29. As a result of the disparate conduct to which Plaintiff was subjected, including his termination, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement of his formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

30. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and the ADAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mario and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   **WHEREFORE,** Plaintiff requests judgment against Defendant for:

  A.  Actual damages as a result of Defendant's discriminatory actions;

  B.  Punitive damages due to Defendant's willful behavior;

  C.  Compensatory damages;

  D.  Injunctive relief where feasible;

  E.  Attorney's fees;

  F.  Costs of this action; and

  G.  Any other relief this Court deems proper.

## COUNT II
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

31. Plaintiff incorporates herein the allegations in paragraphs 1-21, inclusive, as though same were fully re-written, and says:

32. Plaintiff requested reasonable accommodations on November 23, 2020, for his disability. These requests were made to his supervisor Mario, who knew of Plaintiff's condition.

33. As a direct result of Plaintiff's requests for reasonable accommodation, he was terminated on December 14, 2020, without valid reason.

34. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

35. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mario and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

36. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

37. Plaintiff incorporates herein the allegations in paragraphs 1-21, inclusive, as though same were fully re-written, and says:

38. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

39. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

40. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result

7

of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

41. Defendant, moreover, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of his position.

42. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

43. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or requests for accommodation were also motivating factors for Defendant's adverse treatment of Plaintiff.

44. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

45. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees.

Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

46. Plaintiff incorporates herein the allegations in paragraphs 1-21, inclusive, as though same were fully re-written, and says:

47. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

48. Plaintiff requested reasonable accommodations on November 23, 2020, for his disability. These requests were made to his supervisor Mario, who knew of Plaintiff's condition.

49. As a result of Plaintiff's requests for reasonable accommodation, he was terminated on December 14, 2020, without valid reason.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

52. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of his supervisor and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

53. Defendant's alleged reason(s) terminating Plaintiff are pretextual as described above.

54. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

55. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay,

benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT V
## VIOLATION OF WORKERS' COMPENSATION LAWS

56. Plaintiff incorporates herein the allegations in paragraphs 1-21, inclusive, as though same were fully re-written, and says:

57. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

58. On or about November 23, 2020, Plaintiff suffered a work-related injury. On or about December 7, 202020 Plaintiff sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

59. On or about December 14, 2020, Plaintiff was terminated.  Prior to his injury, Plaintiff had not received any disciplinary action and was not made aware of any performance deficiencies.

60. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

11

61. Plaintiff's work record with Defendant prior to his termination was satisfactory.

62. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

63. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

    **WHEREFORE,** Plaintiff demands judgment for:

        A. Plaintiff's lost wages and/or benefits as a result of his termination;

        B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

        C. Interest on all monies owed;

        D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

        E. A trial by jury; and

        F. Any other relief this Court deems proper.

SPACE INTENTIONALLY LEFT BLANK

## **DEMAND FOR JURY TRIAL**

Plaintiff JOSE LOPEZ ESTRADA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 19, 2022

                                            **PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


*/s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com